Finch, J.
 

 The plaintiff, after proving the injury which she had suffered from the negligence of the defendant company, was allowed to inquire of a medical witness, having knowledge of the case, as to the probability of her recovery. The same question, with slight and immaterial changes of form, was permitted to be answered by other competent medical witnesses, and the exceptions to this class of evidence furnish the sole ground of appeal.
 

 The appellant relies upon
 
 Strohm
 
 v.
 
 N. Y., L. E. and W. R. R. Co.
 
 (96 N. Y., 305), and
 
 Tozer
 
 v.
 
 N. Y. C. and H. R. R. R. Co.
 
 (105 N. Y., 617; 8 N. Y. State Rep., 56). We said of these cases in
 
 Turner
 
 v.
 
 City of Newburgh
 
 (109 N.
 
 *730
 
 Y., 309; 15 N. Y. State Rep., 93), that they “simply preclude the giving of evidence of future consequences which afe contingent, speculative and merely possible, as the basis, of ascertaining damages;” and we added “that they in no wise conflict with the rule allowing evidence of physicians as to a plaintiff’s present condition of bodily suffering or injuries, of their permanence, and as to their cause.” The questions objected to in this case related to the permanence of the injuries, and sought a medical opinion as to their continuance in the future, or a recovery from their effects. The inquiry was proper and competent.
 

 There is an obvious difference between an opinion as to the permanence of a disease or injury already existing, capable of being examined and studied, and one as to the merely possible outbreak of new diseases or sufferings having their cause in the original injury.
 

 In the former case that disease or injury, and its symptoms, are present and existing, their indications are more or less plain and obvious, and from their severity or slightness a recovery may reasonably be expected, or the contrary; while an opinion that some, new and different complication will arise is merely a double speculation; one that it may possibly occur, and the other, that if it does it, will be a product of the original injury, instead of some other new and perhaps unknown cause.
 

 The questions objected to were not inadmissible because they sought the probabilities of a recovery. Certainty was impossible. Medicine is very fa,r from being an exact science. At the best its diagnosis is little more than a guess enlightened by experience. The chances of recovery in a given case are more or less affected by unknown causes and unexpected contingencies; and the wisest physician can do no more than form an opinion based upon a reasonable probability.
 

 It is argued that the witness must have an opinion as to the permanence of the injury, and then may express that; but necessarily the opinion must rest upon a balance of probabilities, inclining the medical judgment one way or the other, and the opinion given is none the worse because it expresses and does not conceal that it rests upon a reasonable probability strong enough to justify the formation of an opinion. Substantially that was the result of the evidence given, and the objection to it was properly overruled.
 

 The judgment should be affirmed, with costs.
 

 All concur.